FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO
APR 1 5 2004
Norman H. Meyer, Jr.
Acting Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LEON ROMERO, et al.,

    Plaintiffs,

v.    No. CIV-02-1102 BB/ACT

GARY JOHNSON, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs' and Defendants'[1] responses to the order (Doc. #25) that required Plaintiffs to show cause why their complaint[2] should not be dismissed for failure to exhaust administrative remedies. As a result of the resolution herein of the exhaustion issue, Defendants' initial motions to dismiss (Doc. #7 and #15) will be reinstated on the docket and ruled upon. Also before the Court are Plaintiffs' motions for entry of default (Doc. #37 and #39) and the State Defendants' later motion to dismiss (Doc. #33) for violations of certain orders. For the reasons below, Plaintiffs' motions for entry of default will be denied and the complaint will be dismissed.

The complaint alleges that, after a disturbance at a detention facility operated by Wackenhut Corporation in Guadalupe County, New Mexico, Plaintiffs were transferred to the maximum-security Wallens Ridge State Prison in Virginia. Plaintiffs assert a number of claims arising from Defendants' actions before, during, and after the transfer. In Count 1, Plaintiffs allege they were transferred even though they did not participate in the disturbance, they were given no prior notice or explanation for

---

[1] Except as otherwise noted below, "Defendants" are the "State" or "Wackenhut" Defendants who have appeared and responded to the complaint.

[2] In November 2003, Plaintiffs filed an amended complaint that was later struck for violation of Fed. R. Civ. P. 15 and a prior order of the Court. *See* Doc. #36.

the transfer, and they had not been re-classified to maximum security. They assert their transfers thus violated federal and state constitutional rights of due process. Count 2 claims the harsh conditions during and after transfer violated constitutional protections against cruel and unusual punishment. In Count 3, Plaintiffs allege they were repeatedly subjected to strip searches and other body searches, and were harshly restrained,[3] in violation of protections against unreasonable search and seizure. Count 4 asserts that Defendants entered into illegal contracts for housing prisoners and that the transfer and related conditions of confinement violated an Interstate Compact. Count 5 asserts that Defendants failed to train or supervise subordinates and delegees. Count 6 claims that Defendants' actions amounted to intentional infliction of emotional distress, and that Defendants acted wantonly, deliberately, and maliciously, entitling Plaintiffs to punitive damages. All Defendants are named in their individual and official capacities. Plaintiffs seek damages and prospective equitable relief.

Defendants' motions to dismiss are very similar except for certain immunity defenses. All Defendants contend, inter alia, that Plaintiffs' allegations fail to state claims upon which relief can be granted and that Defendants are immune from state law claims. The State Defendants assert qualified immunity to Plaintiffs' federal claims. Defendants also argue that under 28 U.S.C. § 1367(c) the Court should not exercise jurisdiction of Plaintiffs' state constitutional claims. Plaintiffs have not responded to the motions to dismiss.

I. Parties

The file contains no indication that Defendants Guadalupe County, Madrid, Angelone,

---

[3] Plaintiffs' allegations that they were "painfully restrained, . . . and endure[d] long periods of . . . distress and discomfort" will not be considered as part of their Fourth Amendment claim. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (" 'unnecessary and wanton infliction of pain' implicates the Eighth Amendment.")

Young, and "John Doe" Virginia Corrections Officers were served with process. None of these Defendants have appeared, and Plaintiffs have not sought entry of default against them. The Court will dismiss the complaint as to these Defendants under Fed.R.Civ.P. 4(m), or, alternatively, under Fed.R.Civ.P. 41(b). After a full consideration of the factors in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992), this dismissal will be with prejudice.

As noted in an earlier order (Doc. #25), Plaintiffs do not allege that they exhausted administrative remedies before filing their complaint. Their response to the second order to show cause indicates that certain Plaintiffs were not in custody at the time the complaint was filed. Defendants then responded, stating that Plaintiffs Garcia, Gallegos, and Hagle were incarcerated at the time the complaint was filed. Because the exhaustion requirement is mandatory for incarcerated Plaintiffs, *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1167 n.5 (10th Cir. 2003), the claims of Plaintiffs Garcia, Gallegos, and Hagle will be dismissed without prejudice for failure to exhaust administrative remedies. As to the remaining Plaintiffs, Defendants' motions to dismiss will be reinstated on the docket and adjudicated.

## II. Federal Claims

The motions to dismiss (Doc. #7 and #15) seek dismissal of all of Plaintiffs' claims. "A district court should not dismiss a complaint pursuant to Rule 12(b)(6) unless it appears beyond doubt that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief. 'A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff.' " *Riddle v. Mondragon*, 83 F.3d 1197, 1201-02 (10th Cir. 1996) (internal citations omitted). The allegations in Plaintiffs' complaint are reviewed under these standards.

Defendants correctly argue that Plaintiffs' allegations regarding their placement, transfer, and administrative segregation fail to state a claim for violation of due process rights. As a matter of procedural due process, "state and federal prisoners generally enjoy no constitutional right to placement in any particular penal institution." *Prows v. Federal Bureau of Prisons*, 981 F.2d 466, 468 n.3 (10th Cir. 1992). Absent some prohibited reason for the transfer, such as discrimination or retaliation for the exercise of a constitutional right, the transfer itself cannot be challenged. *See id.*; *Frazier v. Dubois*, 922 F.2d 560, 561-62 (10th Cir. 1990); *see also Meachum v. Fano*, 427 U.S. 215, 225 (1976). Furthermore, the complaint does not support a substantive due process claim. *See Sandin v. Conner*, 515 U.S. 472, 486 (1995) (no substantive violation where solitary conditions "mirrored those conditions . . . in administrative segregation"). Defendants' motions will be granted as to Count 1 of the complaint.

Defendants contend that Plaintiffs' allegations of mistreatment do not support an Eighth Amendment claim for cruel or unusual punishment. Plaintiffs did not file a response to this motion, and this failure to respond "constitutes consent to grant the motion." D.N.M.LR-Civ 7.5(b). Furthermore, upon review of Plaintiffs' allegations, it is clear that the alleged conduct of Defendants did not amount to Eighth Amendment violations. Except for the transfer itself, the alleged abuses did not occur until Plaintiffs were under the control of Virginia officials. Plaintiffs' Eighth Amendment claim will be dismissed.

Defendants argue that Plaintiffs' allegations do not support a Fourth Amendment claim. Although "prisoners do retain a limited constitutional right to bodily privacy," *Hayes v. Marriott*, 70 F.3d 1144, 1146 (10th Cir. 1995), "[c]ourts must give great deference to the decisions of prison officials . . . [that are] 'reasonably related to legitimate penological interests,' " *id.* (quoting *Turner*

*v. Safley*, 482 U.S. 78, 85-86, 89 (1987). Here, although Plaintiffs deny participation in the New Mexico disturbance, the transfer of these inmates was for security reasons, and Plaintiffs make no allegation that the searches were, e.g., retaliatory or violative of religious beliefs. Plaintiffs' Fourth Amendment claim will be dismissed.

### III. State Law Claims

Defendants seek dismissal of Plaintiffs' claims in Counts 1, 2, and 3 for violations of state constitutional protections. The New Mexico Defendants are immune to such claims under the New Mexico Tort Claims Act (the "Act"), N.M. Stat. Ann. §§ 41-4-4 through -29 (Michie Repl. Pamp. 1996 and Cum. Supp. 2002), which provides, with certain enumerated exceptions, immunity to tort liability for state entities and employees. *See* §§ 41-4-4 through -12. This immunity includes claims of constitutional violations, *Chavez v. City of Albuquerque*, 952 P.2d 474, 477 (N.M. Ct. App. 1997), and thus the question is whether waivers of immunity in the Act include the named State Defendants or the alleged conduct. *See, e.g., Archibeque v. Moya*, 866 P.2d 344, 346 (N.M. 1993). First, it is settled that the named Defendants are not law enforcement officers for purposes of the Act, *Anchondo v. Corr. Dep't*, 666 P.2d 1255, 1258 (N.M. 1983); *Wittkowski v. State*, 710 P.2d 93, 96 (N.M. Ct. App. 1985), *overruled on other grounds, Silva v. State*, 745 P.2d 380 (N.M. 1987), and thus immunity is not waived for the New Mexico Defendants under § 41-4-12. And second, the actions complained of by Plaintiffs are not in a category of conduct for which immunity is waived. *See* §§ 41-4-6, -9; *Archibeque*, 866 P.2d at 348-49 (administrators do not "operate" or "maintain" prison facilities for purposes of the Act). The State Defendants' motion to dismiss state constitutional claims in Counts 1, 2, and 3 will be granted.

The Wackenhut Defendants also claim immunity, under the Act and common law doctrines,

5

to Plaintiffs' state constitutional claims. The Act's immunity protections are not available to these private Defendants because, as noted above, the Act provides immunity to tort liability only for state entities and employees. *See* §§ 41-4-4 through -12. The question, then, is whether Plaintiffs' allegations support claims under the state constitution, assuming a private right of action is available. Plaintiffs specifically invoke state constitutional protections of due process and search and seizure, and against cruel and unusual punishment. Under the analysis of federal claims above, the allegations of violations of these protections do not state claims for relief. *Cf. In re Shon Daniel K.*, 959 P.2d 553, 556 (N.M. Ct. App. 1998) (in search-warrant case, "The protections accorded under Article II, Section 10 of the New Mexico Constitution against unreasonable searches and seizures are more extensive than those provided under the Fourth Amendment to the United States Constitution."). As correctly argued by Defendants, Plaintiffs' vague references to N.M. Const. art. II, § 4 do not support a claim for relief. *Blea v. City of Espanola*, 870 P.2d 755, 759 (N.M. Ct. App. 1994); *Lops v. Haberman*, No. CV-00-1268 JP/LFG, slip op. at 5 (D.N.M. Mar. 26, 2001) (opinion approving dismissal of art. II, § 4 claim based on immunity). Plaintiffs' state constitutional claims will be dismissed.

Count 4 claims that Plaintiffs' transfers and related conditions of confinement violated a statute relating to private prisons, N.M. Stat. Ann. § 33-1-17 (Michie Repl. Pamp. 1998), and an Interstate Compact, N.M. Stat. Ann. § 31-5-17 (Michie Repl. Pamp. 2000). Under the factors in *Alexander v. Sandoval*, 532 U.S. 275, 286-87 (2001); *Boswell v. Skywest Airlines Inc.*, 361 F.3d 1263, ----, 2004 WL 502193, at *3 (10th Cir. 2004), Plaintiffs do not have standing to bring a claim under § 33-1-17, which allows for contracts with private correctional entities. Furthermore, according to *Clark v. New Mexico Dep't of Corr.*, No. 02-2042, 2003 WL 133458, at **2 (10th Cir.

Jan 17, 2003). Plaintiffs' claim under the Interstate Corrections Compact, § 31-5-17, may only be brought against state officials in state court. These claims will be dismissed with prejudice. *See Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1215 (10th Cir. 2003) (Hartz, J., concurring) ("dismissal with prejudice . . . might not preclude the plaintiff from proceeding in state court").

## IV. Other Matters

Defendants also seek dismissal of Plaintiffs' claims for supervisory liability, intentional infliction of emotional distress, and punitive damages. In view of the dismissal of Plaintiffs' substantive claims, their allegations provide no support for these derivative claims. *See, e.g., Brown v. Gray*, 227 F.3d 1278, 1286 (10th Cir. 2000) (underlying violation is element of supervisory claim). Alternatively, the Court will decline to exercise supplemental jurisdiction of Plaintiffs' state law claim of intentional infliction of emotional distress. 28 U.S.C. § 1367(a); *Bauchman ex rel. Bauchman v. West High Sch.*, 132 F.3d 542, 549 (10th Cir. 1997). These claims will be dismissed.

In their motions for entry of default, Plaintiffs assert that Defendants did not timely file a responsive pleading. These motions ignore the Court's order of February 7, 2003, prohibiting Plaintiffs from filing further pleadings until the terms of the order were satisfied. Furthermore, because Defendants' original motions to dismiss were denied without prejudice and have now been reinstated and adjudicated, *see* Doc. #30, responsive pleadings by Defendants are not required. Fed.R.Civ.P. 12(a)(4). Defendants' conduct of this litigation has not implicated the provisions of Fed.R.Civ.P. 55, and the motions for entry of default will be denied.

## V. Sanctions

On January 2, 2003, the Court entered an Order to Show Cause directing attorney Paul

Livingston, counsel for Plaintiffs, to appear on January 30, 2003, to show cause why the above cases should not be dismissed for failure to respond to motions filed by State Defendants. (Doc. 14). The Court entertained briefs and heard oral argument with respect to the Order to Show Cause. At the oral argument, the Court found that Mr. Livingston had "wilfully and in bad faith repeatedly failed to follow the Rules of Professional Conduct and the Lawyer's Creed of Professionalism as adopted by D.N.M.LR-Civ.83.9." (Doc. 18). The Court stated that it "[would] therefore condition the filing of any further pleadings in these cases upon the payment of reasonable attorney's fees to compensate defense counsel for unnecessary proceedings." (Doc. 18). The Court then requested the State Defendants to submit an appropriate bill for costs and fees.

After reviewing Defendants' submission and Plaintiffs' response, the Court awarded the State Defendants $4,207.85 in each of the cases then pending. (Doc. 21). Those amounts remain unpaid and will be included in a judgment as an award against Plaintiffs' counsel, Mr. Livingston. Furthermore, Mr. Livingston has failed to pay the costs and fees assessed (*see* Becker affidavit), continued to violate the Court's Order of February 7, 2003, and repeatedly failed to abide by the deadlines and other rules of this Court.[4] Failure to pay such fines may result in further restrictions on Mr. Livingston's practice of law in this Court. *See In re Smith*, 10 F.3d 723, 724 (10th Cir. 1993); *Keener v. Dep't of the Army*, 136 F.R.D. 140, 151 (M.D. Tenn. 1991), *aff'd*, 956 F.2d 269 (6th Cir. 1992); *Matthews v. Freedman*, 128 F.R.D. 194, 204 (E.D. Pa. 1989), *aff'd*, 919 F.2d 135 (3d Cir. 1990).

IT IS THEREFORE ORDERED that Plaintiffs' motions for entry of default (Doc. #37 and

---

[4] *See, e.g., Garcia v. City of Albuquerque*, No. CV-96-1459 MV/LCS (Order Nov. 7, 2003); *Vesco v. Snedecker*, No. CV-00-1805 WJ/LCS (Orders July 15, 2002 and Nov. 21, 2003); *Chavez v. Propp*, No. CV-96-1656 SC/JHG (Order June 16, 1999).

#39) are DENIED;

IT IS FURTHER ORDERED that the second order to show cause (Doc. #25) is SUSTAINED in part and QUASHED in part; the claims of Plaintiffs Garcia, Gallegos, and Hagle are DISMISSED without prejudice for failure to exhaust administrative remedies; and these Plaintiffs are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that the remaining Plaintiffs' claims against Defendants Guadalupe County, Madrid, Angelone, Young, and "John Doe" Virginia Corrections Officers are DISMISSED with prejudice under Fed.R.Civ.P. 4(m), or, alternatively, under Fed.R.Civ.P. 41(b);

IT IS FURTHER ORDERED that Defendants' motions to dismiss (Doc. #7 and #15) are GRANTED, and Plaintiffs' complaint is DISMISSED with prejudice;

IT IS FURTHER ORDERED that the State Defendants' motion to dismiss (Doc. #33) is GRANTED in part and DENIED in part; attorney Paul Livingston is required to pay $4,207.85 to Defendants Johnson, Perry, Serna, Shanks, and Tafoya to reimburse them for unnecessary costs and fees;

IT IS FINALLY ORDERED that, all other pending motions are DENIED as moot; and, pursuant to Fed.R.Civ.P. 58(a)(2)(A)(iii), judgment will enter in accordance with this opinion.

_____
UNITED STATES DISTRICT JUDGE